```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION

MALCOLM D. RUFF                  §
                                 §
VS.                              §  CIVIL ACTION NO. 4:08-CV-255-Y
                                 §    (Consolidated with 4:08-CV-256-Y)
TARRANT COUNTY JUSTICE CENTER,   §
et al.                           §
```

ORDER REGARDING MOTIONS TO DISMISS OF REMAINING DEFENDANTS

Now pending before the Court are the separate motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) of remaining defendants Meredith Edwards and Cheryl Merchant.[1] Plaintiff Malcolm D. Ruff was allowed to file a first amended complaint, and defendants Edwards and Merchant each then re-filed a motion to dismiss, along with a brief in support. Ruff filed a combined response to the motions to dismiss and, although the Court ordered defendants to provide Ruff copies of unreported cases and afforded additional time to file a supplemental response, Ruff has not filed anything else. After review and consideration of the respective motions to dismiss, the Court concludes that they should be granted in part and, as to Ruff's claims against Edwards individually, denied.

Ruff's only pleading now subject to review is his first amended complaint.[2] By this pleading, Ruff asserts claims against defendants Edwards and Merchant for violation of his federal

---

[1] All other defendants have been dismissed by prior orders and judgments under Federal Rule of Civil Procedure 54(b).

[2] Ruff was so informed by this Court's order of July 23, 2009.

constitutional rights through 42 U.S.C. § 1983. Although Ruff alleges his claims against each remaining defendant in both an individual and official capacity, as the Court has already dismissed his claims against the government defendants, and as a suit against a government official in an official capacity is essentially a suit against a government entity,[3] Ruff's "official capacity claims" must be dismissed. Thus, each respective motion to dismiss will be granted as to these claims.

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is generally viewed with disfavor.[4] The court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.[5]  Rule 12 must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court and calls for "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] The court cannot look beyond

---

[3] *See Brooks v. George County, Mississippi,* 84 F.3d 157, 165 (5th Cir.) (explaining that a claim against a sheriff named in official capacity is suit against county), *cert. den'd,* 519 U.S. 948 (1996); *see Crane v. State of Texas,* 766 F.2d 193, 194 (5th Cir.)(finding that a district attorney in Texas acts as a county official),*reh'g denied,* 759 F.2d 412 (5th Cir.), *cert. den'd,* 474 U.S. 1020 (1985).

[4] *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997).

[5] *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996).

[6] FED. R. CIV. P. 8(a); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (holding Rule 8(a)'s simplified pleading standard applies to most civil actions).

the face of the pleadings in resolving a Rule 12(b)(6) motion.[7] A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal.[8] In other words, he must plead "enough facts to state a claim to relief that is plausible on its face" and his "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[9] Recently, the Supreme Court clarified that review of a 12(b)(6) motion is guided by two principles: one, a court must apply the presumption of truthfulness only to factual matters, and not to legal conclusions; and two, only a complaint that states a plausible claim for relief survives a motion to dismiss.[10]

*NO CONSTITUTIONAL VIOLATION*

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by

---

[7]*Baker*, 75 F.3d at 196; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir.1999), *cert. den'd,* 530 U.S. 1229 (2000).

[8]*Schultea v. Wood,* 47 F.3d 1427, 1431 (5th Cir. 1995)(en banc); *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992).

[9]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957), to the extent the Court concluded therein that a plaintiff can survive a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief").

[10]*Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949-50 (2009).

3

the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[11]

Ruff asserts that his rights to be free from cruel and unusual punishment under the Eighth Amendment has been violated. The constitutional rights of a pre-trial detainee flow from the procedural and substantive guarantees of the Fourteenth Amendment.[12] The Fourteenth Amendment protects the detainee's right to be free from punishment prior to an adjudication of guilt.[13] The applicable legal standard in the Fifth Circuit, however, depends on whether the claim challenges a 'condition of confinement' or an 'episodic act or omission.'[14] A condition-of-confinement case is a constitutional attack on "general conditions, practices, rules, or restrictions of pretrial confinement."[15] A claim of episodic act or omission occurs when the "complained-of harm is a particular act or

---

[11] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

[12] *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525-26 (5th Cir. 1999).

[13] *See Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979).

[14] *Olabisiomotosho,* 185 F.3d at 526; *see also Hare v. City of Corinth,* 74 F.3d 633, 650 (5th Cir. 1996), *appeal after subsequent remand,* 135 F.3d 320, 327 (5th Cir. 1998).

[15] *Hare,* 74 F.3d at 644; *see also Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997)(*en banc*)(citing as examples such claims as "the number of bunks in a cell or his television or mail privileges").

4

omission of one of more officials."[16] Because Ruff complains of particular acts and events against the individual defendants, his claim are of episodic acts or omissions.

The Fifth Circuit has held that the deliberate-indifference standard normally associated with Eighth Amendment claims also applies with respect to claims by pretrial detainees of episodic acts or omissions.[17] Under that standard, an inmate is required to allege facts that indicate officials were deliberately indifferent to his health or safety.[18] A detainee is required to establish that the defendant official has actual subjective knowledge of a substantial risk of serious harm but responds with deliberate indifference to that risk.[19] Such a finding of deliberate indifference, though, "must rest on facts clearly evincing 'wanton' actions on the parts of the defendants."[20] This subjective deliberate-indifference standard is now equated with the standard for criminal recklessness:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety;

---

[16]*Scott,* 114 F.3d at 53.

[17]*Hare*, 74 F.3d at 647-48.

[18]*Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

[19]*Hare,* 74 F.3d at 643 and 650.

[20]*Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Wilson v. Seiter,* 501 U.S. 294, 297 (1991).

5

the official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference.[21]

*Nurse Meredith Edwards*

Ruff alleges that Meredith Edwards, a nurse within the Tarrant County jail, failed to properly treat him and immediately refer him to a physician when he presented to her with an injured hand. When a claim arises from inadequate medical care, the plaintiff must allege facts that show a deliberate indifference to a serious medical need.[22] Allegations of negligence are not sufficient to maintain an action under 42 U.S.C. § 1983.[23] In *Domino v. Texas Department of Criminal Justice,* the Fifth Circuit discussed the high standard involved for a plaintiff to state deliberate indifference to serious medical needs:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince

---

[21]*Farmer,* 511 U.S. at 837; *see also Hare,* 74 F.3d at 648.

[22]*Estelle v. Gamble,* 429 U.S. 97, 104-06 (1979).

[23]*See, e.g., Daniels v. Williams,* 474 U.S. 327, 332 (1986) (concluding that the Constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986)(stating that "lack of due care . . . simply does not approach the sort of abusive government conduct" that rises to the level of a constitutional violation); *Feagley v. Waddill,* 868 F.2d 1437, 1440 (5th Cir.1989)("negligence on the part of state officials does not suffice to make out any due process violation under the Fourteenth Amendment"), *citing Daniels,* 474 U.S. at 327.

> a wanton disregard for any serious medical needs." Id. Furthermore the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. Farmer, 511 U.S. at 838.[24]

A difference of opinion as to the correct medication and/or medical treatment constitutes not an actionable civil-rights claim, but at most, a possible claim of medical malpractice addressed under state law.[25]

Plaintiff Ruff alleges that after he was involved in a fight within the Tarrant County jail, he was escorted to the jail infirmary whereupon he was seen by Edwards. Ruff contends his hand was swollen and hurting, that he told Edwards he was in pain, that she visually examined him, and then, upon learning that he had been in a fight, told him she would not treat him because he had been fighting. (First Amended Complaint ("FAC") ¶¶ 11-18.) Ruff alleges that Edwards stated "I would help you but since you were fighting, I'm not going to help. We don't like fighting on this shift," and that "It's my job to decide who gets emergency medical care/help and who doesn't." (FAC ¶¶ 16-17.) Plaintiff acknowledges, however, that Edwards gave him an ice pack and ibuprofen. (FAC 19). Edwards otherwise did not treat Ruff or examine him. (FAC ¶ 20.) Ruff

---

[24]239 F.3d 752, 756 (5th Cir.2001).

[25]*See Estellev, Gamble,* 429 U.S. at 107; *Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997); *Varnado v. Lynaugh,* 920 F.2d 320,321 (5th Cir. 1991).

7

contends that escorting officer Chambliss remarked that "You should have received medical attention. I don't know why she's denying you." (FAC ¶ 21.) Ruff alleges he was examined by a physician three or four days later. The physician ordered x-rays, which revealed the hand was broken in two places, prescribed pain medication and put a cast on Plaintiff's arm. (FAC ¶¶ 32-34.) Ruff alleges the physician told him that Edwards "should have gotten medical attention immediately after [he] explained what transpired." (FAC ¶ 32.) Ruff also alleges that the physician stated that "Ms. Edwards owes you a big apology." (¶ 33.) Ruff contends that although the physician prescribed pain medication for him, he did not receive it for nearly three weeks, and he contends that upon inquiry, he was told that "[s]ince you write grievances, you can suffer," and "Ms. Edwards said not to help you." (FAC 37.)

A review of Ruff's first amended complaint leads to the conclusion that it does state a claim that Edwards was deliberately indifferent to his serious medical needs. First, Ruff's complaint against Edwards recites only factual matters, and thus his allegations are entitled to the presumption of truthfulness. Further, assuming the factual allegations are true, they assert enough to raise a right to relief above the speculative level. In this regard, although Edwards looked at Ruff's hand, she did not actually touch or examine his hand. Furthermore, Ruff alleges that others told him Edwards should have treated him, and that others

8

told him she later directed that he not receive prescribed pain medication.

The cases cited by defendant Edwards in support of her motion are distinguishable. In *Bryan v. Endell,*[26] the Court considered a delay in the treatment of a broken hand that rendered corrective surgery impractical, but even so, held that the delay in treatment did not rise to the level of deliberate indifference.[27] That appeal arises from a trial to the Court, not the granting of a 12(b) motion. Further, the opinion noted that the trial judge found that none of the defendants possessed the necessary subjective mental state.[28]
Here, Ruff has made sufficient factual allegation that Edwards acted willfully in choosing to not physically examine him.

Also, in *Perry v. Crockett,*[29] the court considered facts similar to the case at bar. The Court found that the plaintiff broke his wrist in an altercation with another inmate. The nurse

---

[26] 141 F.3d 1290 (8th Cir. 1998).

[27] *Id.,* at 1291 ("There is also no doubt that the medical care given him left something to be desired.  There was some delay in treating the hand properly, and this delay has apparently made surgery impractical.  But even if the treatment was inadequate, and even if the inadequacy would have amounted to negligence in a state-law tort case claiming medical malpractice, more must be shown to establish a constitutional violation.  There must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness.")

[28] *Id.* at 1291-92.

[29] 2009 WL 2369094 (S.D. Miss. 2009)(summary judgment motions).

9

examined the injury and thought the wrist was broken. She put ice on the wrist and gave the plaintiff ibuprofen, just as Edwards did in the case at bar. The nurse in *Perry*, however, did two other things: she actually physically examined the inmate's wrist, and she then contacted an on-call physician, who directed her to have the inmate transferred to a medical facility for an x-ray, place ice on the wrist, splint and elevate the wrist, give the inmate ibuprofen, and observe for numbness, tingling, and discoloration of fingers.[30] Thus, a review of this case indicates to the Court the kinds of treatment and examination options, taking the first amended complaint as true, nurse Edwards did not employ. Thus, plaintiff Ruff's first amended complaint states a claim for relief against nurse Edwards that survives her challenge under Federal Rule of Civil Procedure 12(b)(6).

*Sergeant Merchant*

Ruff alleges that after his return to his pod from his meeting with nurse Edwards, he complained to Sergeant Cheryl Merchant about the pain in his hand, and showed her the swollen hand. Ruff contends that Merchant then called Edwards, and upon return to him, told him he "should not have been fighting," and would have to give up his bottom bunk. (FAC ¶ 23.) After Ruff put his mattress on the floor, and told Merchant he could not climb to the top bunk because

---

[30]*Id.,* at *1, **3-4.

10

of his swollen hand, she again directed him to get on the top bunk, saying "I don't care how much pain you're in or if it's a safety risk, I said get on the top bunk." (FAC ¶ 26-27.) When he refused, Merchant directed his bedding be placed in the hallway until he complied.  Ruff eventually complied with Merchant's order to get on the top bunk, and had his bedding returned to him.  Ruff alleges that as he climbed down the next morning, however, he fell and suffered additional injury to his hand and back. (FAC 28-30.)

Ruff's allegations against Merchant do not rise to the level of deliberate indifference.  To the extent Merchant could be said to have delayed his access to medical care, Merchant relied upon a medical provider, nurse Edwards. Merchant cannot be said to be deliberately indifferent with regard to the provision of medical care when she contacted Edwards and act responsively to Edwards's information.  Although Ruff's factual allegation that Merchant's other actions in ordering him to move to a top bunk as a part of disciplining him  may be harsh, they do not amount to deliberate indifference to serious harm.[31]  As such, Merchant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be granted.

Therefore, the August 21, 2009, motion to dismiss of Meredith Edwards [docket no. 42] is GRANTED only as to Ruff's official

---

[31] *See generally Hare,* 74 F.3d at 645 (negligent inaction by a jail officer does not violate the due process rights of a pre-trial detainee).

capacity claims, and otherwise is DENIED.[32]

The August 20, 2009, motion to dismiss of Cheryl Merchant [docket no. 40] is GRANTED.

Plaintiff Ruff's claims against Meredith Edwards in an official-capacity, and all claims against Cheryl Merchant, are DISMISSED WITH PREJUDICE.

SIGNED February 1, 2010.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[32] A separate scheduling order will issue this same day to govern Ruff's remaining claim against Edwards.