```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

MALCOLM D. RUFF,                    §
                                    §
VS.                                 §  CIVIL ACTION NO.4:08-CV-255-Y
                                    §    (Consolidated with 4:08-CV-256-Y)
TARRANT COUNTY                      §
JUSTICE CENTER, et al.              §
```

OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In this case, plaintiff Malcolm D. Ruff[1] has claims remaining against individual defendant Meredith Edwards, R.N. ("Edwards").[2] Defendant Edwards has now filed a motion for summary judgment, along with a brief in support and an appendix. By the motion for summary judgment, Edwards asserts a qualified-immunity defense to Ruff's claim that she was deliberately indifferent to his serious medical needs. Ruff did not file a response to the motion for summary judgment. For the reasons set forth in the brief in support of the motion, and for the reasons set forth herein, the Court concludes that the motion for summary judgment must be granted.

*Summary-Judgment Evidence*

Edwards has filed an appendix in support of her motion for summary judgment which includes: the April 19, 2010, Affidavit of Meredith Edwards, R.N. (exhibit 1); the April 20, 2010, Affidavit of Susan Spencer, along with three pages of records of the Tarrant

---

[1] Although incarcerated when he filed this case, Ruff has now provided an on-the-street address of record.

[2] The Court previously dismissed, under authority of 28 U.S.C. §§ 1915A and 1915(e)(2)(B), Ruff's claims against some defendants, and separately granted motions to dismiss of other defendants, including Ruff's claims against Edwards in an official capacity.

County Sheriff's Department (exhibit 2); and the April 21, 2010, Affidavit of Laurie E. Scott, along with 122 pages of medical records of the Tarrant County Hospital District regarding Ruff (exhibit 3).[3] Although he did not file a response or submit evidence in response to the motion for summary judgment, as Ruff swore that his first amended complaint was true and correct under penalty of perjury, this Court is required to consider that document as competent summary-judgment evidence.[4]

*Summary-Judgment Standard*

Summary judgment is appropriate when the record establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[5] The party moving for summary judgment has the initial burden of informing the Court of the basis for his motion and producing evidence which tends to show that no genuine issue as to any material fact exists and that he is entitled to judgment as a matter of law.[6] Once the moving party has made such a showing, the non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the

---

[3] Although Edwards provided other exhibits, Exhibit 4 (a Tarrant County record) is included within the pages of Exhibit 3, and Exhibit 5 (a copy of Ruff's original complaint) is included in the Court's record.

[4] *See Nissho-Iwai American Corp. v. Kline,* 845 F.2d 1300, 1306 (5th Cir. 1989). Although the Court construed Ruff's March 15, 2010, Memorandum as a Rule 7 reply, Ruff did not swear to the contents of that document.

[5] FED. R. CIV. P. 56(c)(2).

[6] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).

existence of a genuine issue for trial.[7] Whether an issue is "genuine" is a determination of whether it is "real and substantial, as opposed to merely formal, pretended, or a sham."[8] A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law.[9] No genuine issue of material fact exists if no rational trier of fact could find for the nonmoving party based on the evidence presented.[10] The Court must consider all evidence in the light most favorable to the nonmoving party.[11]

*Analysis--Qualified Immunity*

Defendant Edwards seeks summary judgment on the basis that she is entitled to qualified immunity from Plaintiff's claim of a constitutional violation. Qualified immunity protects government officials performing discretionary functions from personal liability as long as their conduct violates no clearly established constitutional or federal statutory rights.[12] To overcome such an official's immunity from suit, a plaintiff must allege violation of

---

[7] *Celotex,* 477 U.S. at 322-23; *Anderson,* 477 U.S. at 257.

[8] *Bazan ex rel. Bazan v. Hidalgo County,* 246 F.3d 481, 489 (5th Cir. 2001)(noting that only genuine and substantial issues may subject a defendant to the burden of trial in qualified immunity context)(quoting *Wilkinson v. Powell,* 149 F.2d 335, 337 (5th Cir. 1945).

[9] *See Anderson,* 477 U.S. at 248.

[10] *See National Ass'n of Gov't Employees v. City Pub. Serv. Bd.,* 40 F.3d 698, 712-13 (5th Cir. 1994).

[11] *See Id.* at 713.

[12] *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Sorenson v. Ferrie,* 134 F.3d 325, 327 (5th Cir. 1998).

a right so apparent or so obvious that a reasonable official would understand that what he is doing violates that right.[13] In *Saucier v. Katz*,[14] the Supreme Court mandated a two-step sequence to resolve a qualified-immunity claim: first, a court determines whether the facts alleged or shown state a violation of a constitutional right; second, a court must decide whether the right was clearly established at the time of the defendant's conduct.[15] In *Pearson v. Callahan*,[16] however, the Supreme Court retreated from this sequential approach:

> while the sequence set forth [in *Saucier*] is often appropriate, it should no longer be regarded as mandatory.  The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.[17]

Although *Pearson* thus authorizes this Court to resolve the qualified-immunity issue through analysis under the second step, the Court concludes that it is appropriate to address and resolve the motion in this instance by analyzing the first step of the qualified-immunity inquiry.[18]

---

[13] *See Anderson v. Creighton,* 483 U.S. 635, 640 (1987).

[14] 533 U.S. 194 (2001).

[15] *Id.* at 201.

[16] 129 S.Ct. 808 (2009).

[17] *Id.* at 818.

[18] *See generally Pearson,* 129 S.Ct. at 821 ("Our decision does not prevent the lower courts from following the Saucier procedure; it simply recognizes that those courts should have the discretion to decide whether that procedure is worthwhile in particular cases.")

Ruff asserts violation of his rights under the Eighth Amendment, alleging that he was not given proper medical attention by Edwards. But as noted in this Court's order denying Edwards's motion to dismiss, assuming Ruff was a pre-trial detainee at the time of the events made the basis of this case, his rights flow from the procedural and substantive guarantees of the Fourteenth Amendment.[19] The Fourteenth Amendment protects the detainee's right to be free from punishment prior to an adjudication of guilt.[20] The Court thus reviews Ruff's allegations regarding denial of medical care under the Fourteenth Amendment.

The applicable legal standard in the Fifth Circuit governing a pre-trial detainee's Fourteenth Amendment claim depends on whether the claim challenges a 'condition of confinement' or an 'episodic act or omission.'[21] A condition-of-confinement case is a constitutional attack on "general conditions, practices, rules, or restrictions of pretrial confinement."[22] A claim of episodic act or omission occurs when the "complained-of harm is a particular act or omission of one or more officials."[23] As Ruff's claim involves

---

[19] *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525-26 (5th Cir. 1999).

[20] *See Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979).

[21] *Olabisiomotosho,* 185 F.3d at 526; *see also Hare v. City of Corinth,* 74 F.3d 633, 650 (5th Cir. 1996), *appeal after subsequent remand,* 135 F.3d 320, 327 (5th Cir. 1998).

[22] *Hare,* 74 F.3d at 644; *see also Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997)(*en banc*)(citing as examples such claims as "the number of bunks in a cell or his television or mail privileges").

[23] *Scott,* 114 F.3d at 53.

5

specific events, it is reviewed under the standards applicable to an episodic act or omission. The deliberate-indifference standard normally associated with Eighth Amendment claims also applies with respect to episodic-act-or-omission claims by pretrial detainees.[24] Under that standard, a detainee is required to allege facts that indicate officials were deliberately indifferent to his health or safety.[25]

In his first amended complaint, Ruff alleges that after injuring his hand in a fight with another inmate, he was taken to the medical-care facility within the Tarrant County jail. He alleges that defendant Edwards failed to examine his hand, properly treat him, and failed to refer him to see a physician. In the first amended complaint, Ruff alleges this all took place on January 10, 2008. But in his original complaint, Ruff listed January 19, 2008, as the date of injury. (April 16, 2008, Complaint at § V.)  In an "Inmate Request for Health Services" prepared by Ruff and dated January 19, 2008, he complained of "severe pain" to his right hand. (Exhibit 3, at 88.) In another "inmate Request for Health Services" prepared by Ruff and dated February 29, 2008, Ruff listed January 19, 2008, as the date his hand was broken. (Exhibit 3, at 42.) In the provided medical records, a January 15, 2010, Clinic Note by physician Alan Byrd, M.D., reflects no observation or treatment of a hand injury for Ruff, but a January 21, 2010 (a Monday), Clinic

---

[24]*Hare*, 74 F.3d at 647-48.

[25]*Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

6

Note by physician Don S. Callahan, M.D., includes a report of "R/O FX R Hand," a narrative from Ruff that he "punched fellow inmate in head over weekend [sic]," and orders for an x-ray of the right hand, a lower bunk restriction, and a prescription for Motrin. (Exhibit 3, at 33, 33.) Ruff has not submitted any information to contradict these records that show that the injury to his hand took place on January 19, 2008.

Defendant Edwards has provided proof that she was not working on January 19, 2008, and could not have treated Ruff on that date:

> I was not involved in the medical care of Malcolm D. Ruff at the time of his injury. His original pleading stated that the incident and his injury occurred on January 19, 2008, and that I visually examined his hand and refused to treat him other than with ibuprofen and an ice pack on that date. His first amended complaint states that this occurred on January 10, 2010 [2008 sic]. I did not see or speak to Malcolm D. Ruff at all on January 19, 2008 or January 10, 2008. I did not work on January 19, 2008 or January 20, 2008. I did not work on January 10, 11 or 12, 2008. I did not and could not have examined or spoken to Malcolm D. Ruff on those dates. (Exhibit 1 at 1.)

The scheduling records of the Tarrant County Sheriff's Department confirm that Edwards did not work and was not present on January 10, 19, or 20. (Exhibit 2, at 4-5.) Ruff has not contested any of this evidence showing that Edwards was not present on the date of the complained of events, and could not have been responsible for the alleged conduct. As the evidence submitted in support of the motion for summary judgment conclusively demonstrates that Edwards was not present and not involved in the alleged violation of Ruff's rights, he has failed to state a claim of a violation of a

7

constitutional right against Edwards.

In sum, the undisputed competent summary-judgment evidence reveals that plaintiff Ruff was not subjected by Edwards to deliberate indifference to his right to medical care in violation of the Fourteenth Amendment.  Defendant Edwards is entitled to summary judgment based on qualified immunity because plaintiff Ruff has not satisfied the first element of the qualified-immunity analysis.

*ORDER*

Therefore, Edwards's April 23, 2010, motion for summary judgment (docket no. 59) is GRANTED.

Plaintiff shall take nothing on his remaining claims against defendant Meredith Edwards, and such claims are DISMISSED WITH PREJUDICE.

SIGNED July 9, 2010.

                                                  /s/ Terry R. Means
                                                  TERRY R. MEANS
                                                  UNITED STATES DISTRICT JUDGE